UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **ANNA STAFFORD, A.H., minor child**, | Civil Case No. 3:13-CV-01057-KI |
| Plaintiffs, | OPINION AND ORDER |
| v. | |
| **HEIFETZ HALLE CONSULTING GROUP, LLC**, | |
| Defendant. | |

Anna Stafford
5590 SE Nelson Rd.
Olalla, WA 98359

  Pro Se Plaintiff

KING, Judge:

  Plaintiffs Anna Stafford and minor A.H. bring a case against Heifetz Halle Consulting Group, LLC. I previously granted plaintiffs permission to proceed in forma pauperis. However,

Page 1 - OPINION AND ORDER

under 28 U.S.C. § 1915(e)(2), I informed plaintiffs that I may dismiss their case if the action is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  I gave plaintiffs the opportunity to file an Amended Complaint.  They have filed something that appears more in the form of a letter, but that is labeled "Amended Complaint," and I have accepted it as an Amended Complaint.  For the following reasons, however, I dismiss the Amended Complaint.

## BACKGROUND

Plaintiff Stafford continues to allege the defendant "legally harassed" her and slandered her in two state cases, one in Multnomah County and one in Kitsap County, both of which involved a marriage dissolution and related child custody issues.  Although not entirely apparent, it appears plaintiff Stafford brings this action against defendant LLC because its members are her ex-husband's parents and she believes they funded the dissolution litigation, including a psychologist who came to a positive conclusion about her ex-husband's ability to parent.  She alleges the members of the LLC have lied about her in court.  She seeks "compensation for damages for the two years legal harassment and headache" from defendant LLC, including its interference with her work in California and its interference with her relationship with her son.

## DISCUSSION

There are several problems with the Amended Complaint.  Plaintiffs fail to state a basis for this court's jurisdiction, fail to state a claim against defendant LLC, and fail to state a cause of action even if the claims were pled against the individuals with whom plaintiff Stafford is unhappy.

As an initial matter, "[f]ederal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). This court has subject matter jurisdiction only if the complaint alleges a claim arising under the Constitution, laws, or treaties of the United States, or if the parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332(a). The complaint "must contain a short and plain statement of the grounds for the court's jurisdiction[.]" Fed. R. Civ. P. 8(a)(1).

Plaintiffs fail to identify a proper basis for this court's jurisdiction. Plaintiff Stafford appears to live in Washington based on the address on the Amended Complaint, and defendant LLC's members appear to be residents of Oregon, but plaintiffs do not allege the matter in controversy exceeds $75,000. See Johnson v. Columbia Properties Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) (LLC citizenship is determined by citizenship of its members); Or. Sec'y of State Corp. Div., Registry Number 088263-98, egov.sos.state.or.us/br/pkgweb_name_srch_inq.login (last visited Aug. 20, 2013) (three members of defendant LLC all with the same Oregon address).

Even assuming plaintiffs were to allege the controversy exceeds $75,000, plaintiffs fail to state a claim against defendant LLC. Plaintiffs' allegations are directed at the individuals involved in the underlying dissolution and custody proceeding, in their capacity as family members to the ex-husband and not as members of defendant LLC.

However, even if plaintiffs were to amend their complaint to allege claims against the individuals, plaintiffs could not state a cause of action against them. As an initial matter, plaintiff Stafford alleges her ex-husband's parents lied to the court on multiple occasions.

Page 3 - OPINION AND ORDER

However, statements made in pleadings or in the course of a judicial proceeding, if relevant to the issue, are absolutely privileged. Moore v. Sater, 215 Or. 41, 335 P.2d 843 (1959); Durr v. Kelleher, 54 Or. App. 965, 636 P.2d 1015 (1981). The statements plaintiff Stafford takes issue with were central to the subject matter of the dissolution and custody proceeding, namely plaintiff Stafford's ability to parent. These statements "however harsh it may bear upon a person who claims to be injured thereby, and even though [they] may have been made maliciously" are absolutely privileged communications. Moore, 215 Or. at 419-20 (quoting Grubb v. Johnson, 205 Or. 624, 631, 289 P.2d 1067 (1955)).

Plaintiffs also appear to allege some sort of wrongful initiation of civil proceedings, but in order to make out such a claim they must allege the following elements: (1) the commencement and prosecution by the defendant of a judicial proceeding against the plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) absence of probable cause to prosecute the action; (4) the existence of a primary purpose other than that of securing an adjudication of the claim; and (5) damages. Alvarez v. Retail Credit Ass'n of Portland, Or., Inc., 234 Or. 255, 259-60, 381 P.2d 499 (1963). Since the dissolution proceeding was initiated either by plaintiff Stafford or her ex-husband, in order to make out this cause of action plaintiffs must allege a defendant actively participated in the proceeding. Checkley v. Boyd, 170 Or. App. 721, 736-37, 14 P.3d 81 (2000). Furthermore, and importantly, plaintiffs have not alleged and proved that the proceeding has ended. Taking judicial notice of the Multnomah County Circuit Court docket number 120970323, proceedings were scheduled to take place at least as of late July 2013. Additionally, plaintiffs have not alleged that the proceeding ended *in their favor*. In fact, referring to the allegations in the Amended Complaint, it appears plaintiff Stafford is unhappy

Page 4 - OPINION AND ORDER

with the outcome, in that plaintiff Stafford is required to stay in Oregon and must have a police officer present at each transfer of the child. Furthermore, plaintiff Stafford filed a Notice of Appeal in the underlying case on August 8, 2013, suggesting she lost. Finally, there is no allegation that the defendant's "primary purpose" was something "other than that of securing an adjudication of the claim[.]" Id.

A thread running throughout this case, as I indicated in the first Order allowing plaintiffs to file an Amended Complaint, is that "the domestic relations exception . . . divests the federal courts of power to issue divorce, alimony, and child custody decrees" when subject-matter jurisdiction is based on diversity. Elk Grove Unified Sch. Dist. v. Newdow, 542 U.S. 1, 12-13 (2004). Even when the plaintiff is not directly seeking a divorce, alimony or child custody decree, "it might be appropriate for the federal courts to decline to hear a case involving elements of the domestic relationship." Id. (citation omitted). It is apparent from plaintiff Stafford's allegations that she is intensely dissatisfied by the outcome of the underlying dissolution proceeding. However, absent some substantial federal question posed by plaintiffs, or allegations firmly establishing federal jurisdiction and a cause of action against the named defendant, it is appropriate to leave these delicate issues to the court having the expertise to resolve them.

///

///

## CONCLUSION

Since I have already given plaintiffs the opportunity to amend their complaint, and since any further amendments would be futile, plaintiffs' Amended Complaint is dismissed with prejudice.

IT IS SO ORDERED.

DATED this   21st   day of August, 2013.

                                          /s/ Garr M. King
                                          GARR M. KING
                                          United States District Court Judge